IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RONALD DWIGHT ROBINSON, ) | |
| ID # 06076918, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:06-CV-0804-K (BH) |
| ) | ECF |
| DALLAS COUNTY SHERIFF'S OFFICE, ) | Referred to U.S. Magistrate Judge |
| et al., ) | |
|     Defendants. ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

In May 2006, plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 against the Dallas County Sheriff's Department; Lupe Valdez, Sheriff of Dallas County; and two officers at the Dallas County Detention Center for the deprivation of 158 tokens and 115 envelopes. (*See* Compl. at 1-4.) Plaintiff alleges that the two officers entered his cell and confiscated his property due to allegations that such property was stolen. (*See id.* at 4.) After the stolen-property case was overturned because plaintiff demonstrated proof of purchase, he was told that the property would be returned. (*See id.*) As of the date plaintiff filed this civil action, his property had not been returned. (*See id.*) He seeks the return of his property and $7,500.00 in punitive damages. (*Id.*) No process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an employee or officer of a governmental entity, plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F. Supp. 2d 768, 769 (N.D. Tex. 2000).

## III. RELIEF UNDER SECTION 1983

Plaintiff seeks relief under 42 U.S.C. § 1983 for the alleged deprivation of his property. Section 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See*

*Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

Although plaintiff does not allege a precise constitutional violation caused by the deprivation of his property, it is clear that he asserts a claimed violation of due process for the intentional deprivation of property. Neither intentional nor negligent deprivation of property, however, violates the Due Process Clause of the Fourteenth Amendment provided that adequate state post-deprivation remedies are available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Texas law provides adequate state post-deprivation remedies. *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994). Such remedies are deemed "adequate" even though plaintiff's recovery under state law may be less appealing than a § 1983 action. *Hudson*, 468 U.S. at 535. In view of the available state post-deprivation remedies, plaintiff's claim based on the intentional deprivation of his property is frivolous. *Hudson* forecloses such claim.

Plaintiff cannot sustain a claim for negligent or intentional deprivation of property under the facts alleged when an adequate state post-deprivation remedy is available. His complaint, therefore, has no arguable basis in law under § 1983. The Court should deem it frivolous and dismiss it with prejudice. *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (*en banc*) (holding that *sua sponte* dismissals on grounds of frivolity or maliciousness should be "dismissals with prejudice unless the district court specifically dismisses without prejudice"). No reason exists to dismiss the complaint without prejudice.

3

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** this action with prejudice as frivolous. The dismissal of this action will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[1]

**SIGNED this 26th day of March, 2007.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.